**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

CHRISTINA WILEY, ALEXANDRIA LEE,
TAWNEY BRIGGS, and CHRISTOPHER
KORDA, each individually and on behalf of
all others similarly situated,

               Plaintiffs,

     v.

RUGSUSA, LLC,

               Defendant.

Case No. 6:23-cv-03250-S-SRB

**AMENDED ORDER GRANTING
PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND
CONDITIONAL CLASS
CERTIFICATION**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Conditional Certification of the Settlement Class ("Motion for Preliminary Approval") (Doc. #29.). The Parties have informed the Court that they have mediated the case and reached a Settlement Agreement, which is filed as Exhibit 1 to Plaintiffs' Motion. The Motion is also accompanied by declarations from proposed Class Counsel, the proposed Class Representatives, and the proposed Settlement Administrator.

The Court has reviewed the Motion and its accompanying materials and finds that the factors articulated in Federal Rule of Civil Procedure 23(e) weigh in favor of preliminary approval. Accordingly, after careful review of the record, the Court grants Plaintiffs' unopposed motion and ORDERS as follows.

1. **Preliminary Approval of the Proposed Settlement Agreement**. The Settlement Agreement, including its exhibits showing the notice and claim forms needed to effectuate notice, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval. The Court finds that it is likely that it will be able to finally approve the Settlement based on the following factors: (a) the proposed Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement Agreement was negotiated at arm's length; (c) the relief provided for the Class appears adequate, taking into account: the costs, risks, and delay of trial and appeal; the effectiveness of any proposed method of distributing relief to the class, including the method of processing Class Member claims; the terms of any proposed award of attorneys' fees, including timing of payment; and the lack of any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement Agreement treats Class Members equitably relative to each other. These factors are discussed in turn below. Because each supports preliminary approval, and subject to the receipt

2

of any objections or comments from Class Members, the Court finds the dissemination of notice is appropriate at this stage.

The proposed Class Representatives and Class Counsel have adequately represented the Class. Rule 23(e)(2)(A) focuses on "whether '(1) the class representatives have common interests with members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel.'" *Cleveland v. Whirlpool Corp.*, 2022 U.S. Dist. LEXIS 111091, at *13 (D. Minn. June 23, 2022). Here, the named Plaintiffs were injured in the same way as all absent Class Members, and have the same interest in pursuing all available relief. And Plaintiffs actively participated in this litigation, and aided Class Counsel in vigorously representing the Class's interests. *See Phillips v. Caliber Home Loans, Inc.*, 2021 U.S. Dist. LEXIS 133899, at *19 (D. Minn. July 19, 2021) (plaintiffs adequately represented the class where they "supervised the litigation by reviewing pleadings, reviewing the Settlement and communicating with Class Counsel regarding the litigation."). Moreover, Class Counsel are accomplished litigators with significant experience in class action litigation. *See In re Centurylink Sales Practices & Sec. Litig.*, 2021 U.S. Dist. LEXIS 135880 at *17 (D. Minn. July 21, 2021) (adequate representation where "the Class was represented in the litigation and the negotiations by experienced Lead Counsel, who have prosecuted numerous securities class actions."). Counsel performed extensive work on behalf of the Class, approached settlement negotiations with a firm grasp of the relevant issues, and negotiated a meaningful settlement for the Class.

The Settlement Agreement was negotiated at arm's length. As discussed above, Class Counsel are experienced litigators who attended mediation only after significant evaluation of the strength of the case and Defendant's potential defenses. The Parties exchanged substantial informal discovery, including detailed records regarding Defendant's sales and financials, and

Class Counsel retained two well-known experts to aid them in analyzing liability and damages. Prior to mediation, the Parties exchanged substantive mediation briefs laying out their respective positions on liability and damages. And the Parties sought the assistance of an experienced mediator to guide settlement discussions. There is no evidence of any collusion with regards to the Settlement—the Parties accepted a mediator's proposal, they did not negotiate attorneys' fees, costs, and incentive awards to the Plaintiffs until after they finished negotiating the benefits owed to the Class, and they did not negotiate a clear sailing provision. In short, the Parties thoroughly investigated and considered the strengths and weaknesses of the case and engaged in well-informed and adversarial negotiations.

The relief provided for the Class appears adequate, taking into account the factors identified in Rule 23(e)(2)(c). The Settlement creates a non-reversionary common fund of $14,268,403 to benefit Class Members. All Class Members will receive direct relief, with an average payment of approximately $34. This recovery appears adequate. *See Jacobo v. Ross Stores, Inc.*, 2018 U.S. Dist. LEXIS 248252, at *25 (C.D. Cal. Dec. 7, 2018) (preliminarily approving a $4,854,000 settlement in a fake discount case with an average award of approximately $16.70, assuming a 2% claims rate). Plus, Class Members will receive store credit relief automatically—meaning that consumers do not have to fill out a claim form to benefit from the Settlement. *Cf. id.* at *5 (preliminarily approving a fake discount settlement where consumers had to file a claim form to receive a settlement benefit); *Chester v. TJX Cos.*, 2017 U.S. Dist. LEXIS 201121, at *5 (C.D. Cal. Dec. 5, 2017) (same). These credits can be used to purchase any product available on the RugsUSA website, never expire, and can be combined with any other discounts or promotions. And, because RugsUSA sells a variety of products for less than the average credit amount of $34 (and offers free shipping), Class Members will be able to use their store credit without spending any additional money. Regardless, if Class Members do

not want RugsUSA Credits, the Settlement allows them to elect to receive a cash payment in the same amount by filling out the easily accessible Claim Form. The Settlement will provide meaningful relief to Class Members, and because all Class Members can easily claim cash, or else will receive store credit with real value that can used without spending any additional money, this is not a "coupon" settlement. *See, e.g.*, *In re Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 2015 U.S. Dist. LEXIS 161734, at *5 (D. Minn. Dec. 1, 2015) (settlement was not a coupon settlement where class members could choose between a cash award or a credit to be used at defendant's gyms); *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 2004 U.S. Dist. LEXIS 23342, at *11 (W.D. Mo. Apr. 20, 2004) (settlement was "not a 'coupon' settlement" because Class Members were "not be required to purchase any additional services or items to receive a benefit or cash payment.").

The Rule 23(e)(2)(c) factors confirm that the relief provided by the Settlement appears to be adequate. First, the risks presented by continued litigation are not insubstantial—Defendant contests liability for a number of reasons and similar "fake discount" cases have been dismissed at multiple stages of litigation, including in this Circuit. *See e.g., Azimpour v. Select Comfort Corp.,* 2016 U.S. Dist. LEXIS 77126, at *10 (D. Minn. June 13, 2016) (granting defendant's motion to dismiss in a fake discount case); *Chowning v. Kohl's Dep't Stores, Inc.*, 2016 U.S. Dist. LEXIS 188341, at *1 (C.D. Cal. Apr. 1, 2016) (denying motion for class certification in a fake discount case). And, even in the best case scenario for Plaintiffs, continued litigation would be expensive and time consuming. Second, the Settlement provides for a streamlined method of distributing relief: credit benefits will be provided automatically, and, if they so choose, Class Members can easily file a claim for a cash benefit. Third, the Settlement allows Class Counsel to seek an award of attorneys' fees and costs of up to 20% of the Settlement Common Fund. Such an award appears reasonable and is on the very low end of fee awards in this Circuit. *See Bishop*

*v. Delaval Inc.*, 2022 U.S. Dist. LEXIS 237633, at *7 (W.D. Mo. June 7, 2022) ("An award of one-third of the settlement fund is reasonable and characteristic of other awards in class action suits."). Plus, Class Counsel will file their fee petition 15 days before the deadline for Class Members to file objections or exclude themselves from the Settlement, giving Class Members time to object to the fee request if they so choose. Finally, there are no agreements that need to be identified under Rule 23(e)(3).

The Settlement Agreement treats class members equitably relative to each other. "Under the Federal Rules of Civil Procedure, the court may approve a settlement only after considering if 'the proposal treats class members equitably relative to each other.'" *Myers v. Iowa Bd. of Regents*, 2023 U.S. Dist. LEXIS 195079, at *24 (S.D. Iowa June 22, 2023). Here, the Settlement equitably distributes the Settlement Fund based on the amount each Settlement Class Member spent on RugsUSA's website during the Class Period. And the Settlement allows the named Plaintiffs to petition the Court for $2,500 service awards. These awards, which together represent less than .1% of the Settlement's total value, are appropriate given Plaintiffs' important and diligent service throughout this litigation.

The *Van Horn* factors are also met. In addition to the Rule 23(e)(2) factors, courts in this Circuit also consider the factors enumerated in the Eighth Circuit's decision in *Van Horn*. These factors include: (1) the merits of the plaintiffs' case weighed against the terms of the settlement; (2) the defendants' financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988). Here, as discussed above, the first and third factors are easily met: continued litigation would present substantial risk, expense, and delay, and Class Counsel has negotiated a significant settlement that provides relief to every Class Member. The other two factors also favor settlement: Defendant has agreed to, and has represented to Class Counsel that it can, pay

for the Settlement, and, at this stage, Class Counsel is not aware of any Class Member who intends to object to the Settlement.

2. **Conditional Class Certification**. The Court has also determined that it will likely be able to certify the Class for purposes of judgment. The Class consists of:

- All persons who, while in the State of California, purchased one or more products advertised as being subject to a purported discount on Defendant's website RugsUSA.com from May 17, 2020, to October 12, 2023 ("California Subclass"); and

- All persons who, while in the State of Washington, purchased one or more products advertised as being subject to a purported discount on Defendant's website RugsUSA.com from June 30, 2019, to October 12, 2023 ("Washington Subclass"); and

- All persons who, while in the State of Oregon, purchased one or more products advertised as being subject to a purported discount on Defendant's website RugsUSA.com from July 13, 2022, to October 12, 2023 ("Oregon Subclass"); and

- All persons who, while in the State of Missouri, purchased one or more products advertised as being subject to a purported discount on Defendant's website RugsUSA.com from August 11, 2018, to October 12, 2023 ("Missouri Subclass").

And, as discussed below, the Court finds it likely that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied.

Numerosity. The proposed Settlement Class consists of approximately 332,475 Settlement Class Members. Thus, the proposed Settlement Class is so numerous that joinder of all members is impracticable.

Commonality. The commonality requirement is satisfied if "there are questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). Common questions must be "capable of classwide resolution." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). In other words,

7

common questions must have a common answer that "will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. Here, there are multiple common questions of law and fact, including: (1) whether Defendant's advertising of sales and discount prices was false or misleading; (2) whether Defendant made false statements in its advertisements; (3) whether Defendant's advertisements were likely to deceive a reasonable consumer; (4) whether Defendant's statements regarding its pricing were material to Plaintiffs' purchasing decisions; and (5) whether Plaintiffs have suffered damages as a result of Defendant's conduct. *See Spann v. J.C. Penney Corp.,* 307 F.R.D. 508, 518 (C.D. Cal. 2015).

Typicality. Rule 23(a)(3) additionally requires that the class representative's claims or defenses be "typical of the claims or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). Typicality is "fairly easily met," and "[f]actual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Holt v. Communityamerica Credit Union,* 2020 U.S. Dist. LEXIS 260295, at *10 (W.D. Mo. Sep. 4, 2020). Here, Plaintiffs' claims are typical of the Settlement Class because, like all Settlement Class Members, they allege that they purchased products advertised at a purported discount on RugsUSA.com, and that they relied on the discounts when making their purchases. And they allege that they, like all Settlement Class Members, did not receive the advertised discounts because Defendant's products were always on sale and so its discounts were fake.

Adequacy. "The adequacy requirement is met where: '1) the representatives and their attorneys are able and willing to prosecute the action competently and vigorously; and 2) each representative's interests are sufficiently similar to those of the class that it is unlikely that their goals and viewpoints will diverge.'" *Holt,* 2020 U.S. Dist. LEXIS 260295 at *11. Here, the Court finds that Plaintiffs and Class Counsel have worked competently and vigorously on behalf of the

Class, and are willing and able to continue doing so. Plaintiffs' interests are aligned with those of the Class, they have no conflicts of interest with absent Class Members, and they appear competent and capable of exercising their responsibilities. And Class Counsel are experienced litigators who approached litigation and mediation with a thorough understanding of the strengths and risks of the case.

Predominance. "In this Circuit, predominance is satisfied 'if the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Holt*, 2020 U.S. Dist. LEXIS 260295 at *11-12. This inquiry, however, is "relaxed in the settlement context." *Id*. at *11. Here, common questions—like whether Defendant's sales and pricing scheme generated false and deceptive advertisements—predominate. *See, e.g., Rael v. Children's Place, Inc.*, 2020 U.S. Dist. LEXIS 13970, at *18-19 (S.D. Cal. Jan. 28, 2020) (explaining, in a fake discounts case, that "regardless of the volume, price, timing, or location for any [Class Member's] qualifying purchase, all claims will require the Court to analyze whether Defendant's pricing scheme and pattern of discounting prices was lawful").

Superiority. The superiority requirement asks whether a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Here, because Settlement Class Members' potential individual claims are small, and because their claims are virtually identical, a class action is a superior method to adjudicate this dispute.

**3.** **Class Counsel and Class Representatives**. The Court appoints as Settlement Class Counsel under Federal Rule of Civil Procedure 23(g) the attorneys of Dovel & Luner, LLP and Bursor & Fisher, P.A. The Court also appoints the named Plaintiffs, Christina Wiley, Alexandria Lee, Tawney Briggs, and Christopher Korda, as Class Representatives for the

Settlement Class. The Court also appoints Plaintiff Christina Wiley as Class Representative for the Missouri Subclass, Plaintiff Alexandria Lee as Class Representative for the California Subclass, Plaintiff Tawney Briggs as Class Representative for the Washington Subclass, and Plaintiff Christopher Korda as Class Representative for the Oregon Subclass.

4.     **Class Notice Plan**. Due process under Rule 23 requires that Class Members receive notice of the settlement and an opportunity to be heard and participate in the litigation. Fed. R. Civ. P. 23(c)(2)(B). Here, the proposed Notice Plan is the best notice practicable under the circumstances, is a reasonable manner of notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is therefore approved. In addition, under Rule 23(e), notice to class members "must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." The Court finds that substance of the proposed notice fully apprises Class Members of their rights. The notice contains all of the necessary information required to inform Class Members of their rights under the Settlement, and also directs them to the Settlement Website where they can obtain more detailed information. Thus, the Court approves the contents of the proposed notice. The Settlement Administrator is directed, under the supervision of Settlement Class Counsel, to carry out the Notice Plan.

5.     **Settlement Administrator**. Angeion Group is hereby appointed as the Settlement Administrator to implement the terms of the Settlement Agreement. The Claims Administrator is authorized to implement the Notice Plan as outlined in the Motion, including in the Declaration of Steven Weisbrot on behalf of Angeion. The Court also authorizes the Settlement Administrator to carry out other such responsibilities as are provided for in the Settlement Agreement or as may be directed by Settlement Class Counsel. The Settlement Administrator is

directed to establish the Settlement Website and to issue notice pursuant to the Settlement Agreement. The Settlement Administrator is further directed to comply with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, within ten days of this order.

6. **Claims Period**. Class Members shall have 60 days from the date when notice is first issued to file a claim for a cash payment. With the approval of Settlement Class Counsel, the Claims Administrator may establish other deadlines necessary to promptly and reasonably process the Claims, including deadlines to cure deficient Claims, provide additional information, or respond to audits if deemed necessary.

7. **Incentive Awards**. The Court will take up the requested incentive awards at the Final Approval stage but does not find at this stage that they deter from the fairness of the settlement.

8. **Attorneys' Fees, Expenses, and Costs**. The Court will take up the award of Plaintiffs' attorneys' fees, expenses, and costs at the Final Approval stage after briefing is complete, however, given the Agreement that Final Approval is not contingent on any award of fees and costs nothing impairs a finding that the Settlement is fair.

9. **Objections**. Any Class Member may object to the settlement provided that all Objections must clearly identify the case name and number, must be submitted in writing, and must contain: (1) the full name, address, and telephone number of the Settlement Class Member; a written statement of all grounds for the objection accompanied by legal support for the objection (if any); (3) any papers, briefs, or other documents upon which the objection is based; (4) a list of all persons who will be called to testify in support of the objection (if any); (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; (6) proof of membership in the Class, or a signed statement attesting, under penalty of perjury, that

they were a California, Washington, Oregon, or Missouri resident who purchased one or more products from Defendant during the Class Period; (7) a list of all objections filed by the objector and his or her counsel to class action settlements in the last three years; and (8) the signature of the Settlement Class Member and her or his counsel, if any. Any such objection must be mailed or submitted in person to the Clerk of Court at the following address: United States District Court for the Western District of Missouri, *Wiley, et al. v. RugsUSA, LLC*, Case No. 6:23-cv-03250-SRB, 400 East Ninth Street, Kansas City, Missouri 64106. Any such objection that is not postmarked or received prior to the Objection/Exclusion Deadline, as defined in the Settlement Agreement, or which lacks the information required above shall be considered invalid and not considered.

10.      **Opt Outs or Requests for Exclusion**. All Opt Outs shall be submitted in writing and must: (a) state the Settlement Class Member's name, address, and phone number; (b) be personally signed by the Settlement Class Member and not the Settlement Class Member's attorney or anyone acting on the Settlement Class Member's behalf; and (c) include the statement "I/we request to be excluded from the class settlement in *Wiley v. RugsUSA, LLC*, 6:23-cv-03250-SRB (W.D. Mo.)." Any Opt Out not submitted in compliance with these requirements or by the Objection/Exclusion Deadline, as defined in the Settlement Agreement, shall be considered untimely and invalid.

11.      **Final Approval Hearing**. The Court hereby sets a Final Approval Hearing on:

June 26, 2024, at 11:30 A.M. in Courtroom 7B located at

U.S. District Court for the Western District of Missouri

400 East Ninth Street

Kansas City, Missouri 64106

12.    **Other Provisions**. Pending Final Approval of the Settlement, all Class Members are prohibited from commencing any action or other proceeding against RugsUSA that asserts the same claims regarding RugsUSA's sales and advertising practices as asserted in this action. Any such proceedings, except those related to the effectuation of this Settlement, are stayed pending Final Approval of this Settlement.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the Parties will be restored to the status quo ante as set forth in the Settlement. All orders entered in connection with this Settlement, including this Order conditionally certifying the Settlement Class, will become null and void. And the Settlement Agreement, and all proceedings related to it, will be deemed to be without prejudice to the rights of any Parties, who will be restored to their respective positions as of the date of the Agreement.

13.    **Continued Jurisdiction**. The Court exerts exclusive and continuing jurisdiction over the claims and issues in this litigation and specifically over all aspects related to the proposed Settlement.

**IT IS SO ORDERED.**

Date: <u>March 7, 2024</u>                    /s/ Stephen R. Bough
                                                            Hon. Stephen R. Bough
                                                            United States District Court Judge